IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) ) ) | Case No. 24-90621 (ARP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DEBTORS' SECOND OMNIBUS MOTION SEEKING ENTRY OF AN ORDER
AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS**

> **If you object to the relief requested, you must respond in writing.  Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed.  If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Parties receiving this motion should locate their respective names and contracts in the schedule attached to the proposed order as <u>Exhibit A</u>.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "<u>Order</u>"), (a) authorizing the Debtors to reject the executory contracts (including, without limitation, any and all amendments, modifications, side letters, memoranda of understanding, and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659).  The location of the Debtors' service address for purposes of these chapter 11 cases is:  100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

documents incorporated therein by reference) (each, a "Contract" and collectively, the "Contracts") set forth on Exhibit A to the Order and (b) granting related relief.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of Texas*, dated May 24, 2012 (the "Amended Standing Order"). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. § 1408.

4. The statutory bases for the relief requested herein are section 365(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5. On December 21, 2024 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

6. A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Deborah Rieger-Paganis, Chief Restructuring Officer of Party City Holdco Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 45] (the "<u>First Day Declaration</u>"), which is incorporated herein by reference.[2]

## Contracts to Be Rejected

7. As described in greater detail in the First Day Declaration, the Debtors commenced these chapter 11 cases to effectuate the orderly wind down of their business and the liquidation of their assets to maximize value for the benefit of all stakeholders. To this end, the Debtors and their advisors are in the process of conducting an extensive review of the Debtors' executory contracts and unexpired leases to determine which contracts and leases are (a) assets of the Debtors' estates that may be monetized via assumption and assignment to third parties or (b) liabilities of the Debtors' estates that should be rejected in these chapter 11 cases to avoid the incurrence of administrative expenses thereunder.

8. The Debtors and their advisors intend to market the executory contracts and unexpired leases that they determine, in their business judgment, are assets of the Debtors' estates for sale to third parties pursuant to the *Order (I) Approving (A) Procedures for the Sale of Substantially All of the Debtors' Assets, (B) Procedures for the De Minimis Sale of Certain of the Debtors' Assets, and (C) Assumption and Assignment Procedures, (II) Approving (A) the Sale of the Debtors' Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) the Assumption and Assignment of Executory Contracts and Unexpired Leases, and (III) Granting*

---

[2] Capitalized terms used but not defined in this motion have the meanings ascribed to them in the First Day Declaration.

3

*Related Relief* [Docket No. 94] (the "Bidding Procedures and Sale Order"). Alternatively, the Debtors and their advisors will seek to reject the contracts and leases that they determine, in their business judgment, are net liabilities to the Debtors' estates pursuant to the procedures established under the Assumption and Rejection Procedures Motion.[3]

9. As of the date hereof, the Debtors, in consultation with their advisors, have determined, in their business judgment, that the Contracts are unnecessary and burdensome to the Debtors' estates and will not assist in facilitating their orderly wind down and liquidation process. Further, the Debtors and their advisors have concluded that the Contracts cannot be effectively monetized for the benefit of the Debtors' stakeholders, such as via assumption and assignment to a third party pursuant to the Bidding Procedures and Sale Order. Accordingly, the Debtors hereby seek to reject the Contracts effective as of the date hereof to avoid saddling their estates with ongoing administrative expense obligations.

## Basis for Relief

**I.   The Rejection of the Contracts Effective as of the Date Hereof Is Appropriate and Provides the Debtors with Significant Cost Savings**

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co.* v. *Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

---

[3] "Assumption and Rejection Procedures Motion" means the *Debtors' Motion for Entry of an Order (I) Authorizing and Approving Procedures to Reject, Assume, or Assume and Assign Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 27].

4

11. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co.* v. *Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Grp. of Institutional Invs.* v. *Chi., M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943)); *see also In re Tex. Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, or whim or caprice." *See In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("In the absence of a showing of bad faith . . . the debtor's business judgment will not be altered."); *see also In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (quoting *Wheeling-Pittsburgh Steel Corp.* v. *W. Penn Power Co.* (*In re Wheeling-Pittsburgh Steel Corp.*), 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

12. Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, 2009 WL 7227880, at *6 ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures* v. *Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098–99 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See Summit Land Co.* v. *Allen*

5

(*In re Summit Land Co.*), 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. Rejection of the Contracts is well within the Debtors' business judgment and is in the best interest of their estates. The Debtors seek to reject the Contracts, which they believe are unlikely to provide a net benefit to their estates, in order to avoid the incurrence of any additional, unnecessary expenses related to the Contracts. Absent rejection, the Contracts will continue to burden the Debtors' estates with significant administrative expenses, without the possibility of generating value (through operations or sale to a third party) sufficient to justify the incurrence of such costs. Accordingly, to relieve the Debtors of burdensome obligations that would drain resources from their estates, the Debtors seek to reject the Contracts effective as of the date hereof.

**II.     The Court Should Deem the Contracts Rejected as of the Date Hereof**

14. Section 365 of the Bankruptcy Code does not restrict a bankruptcy court from applying rejection retroactively. *See, e.g.*, *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *In re Romacorp, Inc.*, 2006 WL 6544088, at *4 (Bankr. N.D. Tex. Feb. 2, 2006) ("This court is not alone in allowing retroactive rejection of unexpired leases; in fact, a number of other courts around the country have recognized this equitable practice.") (collecting cases); *Pac. Shores Dev., LLC* v. *At Home Corp.* (*In re At Home Corp.*), 392 F.3d 1064, 1065–71 (9th Cir. 2004) (affirming bankruptcy court's approval of retroactive rejection), *cert. denied*, 546 U.S. 814 (2005).

15. Here, the balance of equities favors rejection of the Contracts effective as of the date hereof. Without such relief, the Debtors will potentially incur unnecessary and significant administrative expenses related to the Contracts—agreements that provide no benefit to the

Debtors' estates in light of the expenses and obligations the Debtors will accrue thereunder. *See* 11 U.S.C. § 365(d)(3). The counterparties to the Contracts (collectively, the "Counterparties") will not be unduly prejudiced if the rejection of the Contracts is deemed effective as of the date hereof. Further, the Counterparties and, if applicable, their respective counsel are receiving notice of the Debtors' intention to reject the Contracts by service of this motion. The Debtors have sought the relief requested at the earliest possible moment in these chapter 11 cases and do not seek to reject the Contracts effective as of the date hereof due to any undue delay on their own part. Based on this factual record, no party can assert that the Debtors seek to write any "revisionist history." *Roman Cath. Archdiocese of San Juan, P.R.* v. *Acevedo Feliciano*, 140 S. Ct. 696, 701 (2020) ("Federal courts may issue *nunc pro tunc* orders, or 'now for then' orders, . . . to 'reflect the reality' of what has already occurred" but not as a "vehicle for . . . creating 'facts' that never occurred") (internal citations omitted). Accordingly, the Debtors respectfully request that the Court deem the Contracts rejected effective as of the date hereof.

**Reservation of Rights**

16.  Nothing contained herein is intended to be or should be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested by this motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume or assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver

7

or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

17. The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the ABL Agent and counsel thereto; (d) counsel to the Ad Hoc Noteholder Group; (e) the Second Lien Notes Trustee and counsel thereto; (f) the United States Attorney's Office for the Southern District of Texas, Houston Division; (g) the Internal Revenue Service; (h) the United States Securities and Exchange Commission; (i) the state attorneys general for states in which the Debtors conduct business; (j) other regulatory agencies having a regulatory or statutory interest in these cases; (k) the Counterparties to the Contracts; and (l) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

December 31, 2024

Respectfully submitted,

By: /s/ *John F. Higgins*
**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Aaron J. Power (TX Bar No. 24058058)
M. Shane Johnson (TX Bar No. 24083263)
Jordan T. Stevens (TX Bar No. 24106467)
Grecia V. Sarda (TX Bar No. 24132092)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile:  (713) 226-6248
jhiggins@porterhedges.com
apower@porterhedges.com
sjohnson@porterhedges.com
jstevens@porterhedges.com
gsarda@porterhedges.com

- and -

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
Kenneth S. Ziman (admitted *pro hac vice*)
Christopher Hopkins (admitted *pro hac vice*)
Stephanie P. Lascano (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
kziman@paulweiss.com
chopkins@paulweiss.com
slascano@paulweiss.com

*Proposed Counsel to the Debtors*
*and the Debtors in Possession*

## Certificate of Service

   I certify that on December 31, 2024, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ John F. Higgins*
John F. Higgins
