IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) ) | Case No. 24-90621 (ARP) |
| Debtors. | ) ) ) | (Jointly Administered) |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO SECTIONS 328(a), 330, AND 1103 OF THE BANKRUPTCY CODE, FEDERAL RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR AUTHORIZATION TO RETAIN AND EMPLOY M3 ADVISORY PARTNERS LP AS FINANCIAL ADVISOR EFFECTIVE AS OF JANUARY 10, 2025**

> **IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of Party City Holdco Inc. and its affiliated debtors (collectively, the "Debtors") hereby submits its application (the "Application") for the entry of an order, pursuant to sections 328(a), 330 and 1103(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules"), for the entry of an order, in substantially the form as attached as **Exhibit A** (the "Proposed Order"), (i) authorizing them to retain and employ M3 Advisory Partners, L.P. ("M3"), as financial advisor to the Committee in the Debtors' chapter 11 cases, effective as of January 10, 2025; and (ii) granting certain related relief. In support of the Application, the Committee submits the declaration of Robert Winning, attached hereto as **Exhibit B** and incorporated herein by reference. In support of the Application, the Committee respectfully represents as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The relief sought with this Application is based upon Sections 328(a), 330, and 1103(a) of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

## Statement of Facts

3. On February 21, 2024 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their business as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' Cases.

4. On January 6, 2025, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the

following six (6) members: (i) Simon Property Group, Inc.; (Co-Chair) (ii) Nassau Candy; (Co-Chair) (iii) McLane Company, Inc.; (iv) King Zak Industries, Inc.; (v) M&J Trimming Co./Papillon Accessories; and (vi) Kimco Realty Corporation. *See* Docket No. 167.[2]

## Relief Requested

5.     By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto as **Exhibit A**, pursuant to sections 328(a), 330, and 1103(a) of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, authorizing the Committee to employ and retain M3 as its financial advisor in the Cases in accordance with the terms and conditions set forth in this Application. The Committee has selected M3 in furtherance of the efficient administration of the estates on behalf of the Committee. The Committee seeks to retain M3 effective as of January 10, 2025 in accordance with Local Rule 2014-1 because M3 began providing services to the Committee as of such date. The Committee believes that such retention is appropriate in these Cases because the Committee required M3's assistance in providing services to the Committee since January 10, 2025.

## M3's Qualifications

6.     M3 is a nationally recognized financial advisory firm that has a wealth of experience in providing turnaround and restructuring advisory services and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

7.     M3 is well-qualified to serve as a financial advisor to the Committee.  On a combined basis, M3's senior professionals have worked on hundreds of restructurings as chief restructuring officer, advisor, principal, or independent director. In doing this, M3 and its

---

[2] Following the appointment of the Committee and prior to filing of this Application, American Gas Products resigned from the Committee.

4931-6518-8886.2 69216.00002                                  3

professionals have assisted and provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Debtors' chapter 11 cases, as well as in some of the most significant cases in the recent years. *See, e.g., In re Sorrento Therapeutics, Inc., et al.*, No 23-90085 (DRJ) (Bankr. S.D. Tex.); *In re Sears Holdings Corporation*, No. 18-23538 (RDD) (Bankr. S.D.N.Y.) (ECF No. 814); *In re Neiman Marcus Group LTD LLC, et al.*, No. 20-32519 (DRJ) (Bankr. S.D. Tex); *In re J. C. Penney Company, Inc., et al.*, No 20-20182 (DRJ) (Bankr. S.D. Tex.); *In re Sanchez Energy Corporation, et al.*, No. 19-34508 (MI) (Bankr. S.D. Tex.) (ECF No. 704).

8. The Committee requires the services of M3 to provide financial advisory and bankruptcy consulting services, as further detailed below. The Committee is familiar with the professional standing and reputation of M3. The Committee understands and recognizes that M3 has a wealth of experience in providing financial advisory services in restructurings and reorganizations across the United States and that its deep experience, including in the travel and hospitality sector, makes it highly qualified to perform the services required by the Committee in these cases. M3 is recognized for providing its services in a cost-effective, efficient, and timely manner and has been performing such services for the Committee since the Retention Date.

### Services to Be Provided

9. Subject to further Order of this Court, M3 is expected to render, among other services, the following services to the Committee:

    a. reviewing and analyzing the Debtors' operations, financial condition, business plan, strategy, and operating forecasts;

    b. assisting the Committee in evaluating any proposed debtor-in-possession financing or use of cash collateral;

    c. Reviewing the Debtors' cash management and intercompany accounting systems, practices, and procedures, as necessary;

      d.    advising the Committee in assessing the Debtors' executory contracts, including the determination of whether certain executory contracts should be assumed or rejected by the Debtors or the impact of such rejection;

      e.    assisting and advising the Committee in connection with strategies to maximize recovery for unsecured creditors under the Debtors' Chapter 11 plan;

      f.    assisting the Committee in evaluating, structuring, and negotiating the terms and conditions of the proposed plan of reorganization, or any alternative plan/transaction pursued by the Debtors;

      g.    assisting the Committee in its analysis of the Debtors' plan of reorganization and related disclosure statement;

      h.    assisting the Committee and its legal counsel on any investigations of any acts or omissions of the Debtors or any of their stakeholders relating to the Debtors;

      i.    analyzing the Debtors' assets and liabilities;

      j.    identifying and/or review potential preference payments, fraudulent conveyances and other causes of action each individual Debtor's estate may hold;

      k.    assisting in the evaluation of any asset sale process, including assessing potential buyers and evaluating terms, conditions, and impact of any asset sale transactions proposed by the Debtors;

      l.    review and evaluate pleadings filed with the Court, as appropriate;

      m.    providing testimony, as required, in any proceeding before this Court; and

      n.    providing other services incidental and ancillary to the foregoing and such other services as M3 and the Committee shall otherwise agree in writing.

## Professional Compensation

10.    Bankruptcy Code section 328(a) provides, in relevant part, that a committee appointed under Bankruptcy Code section 1102 "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

11. Subject to the Court's approval, and in accordance with section 328(a) of the Bankruptcy Code, M3 proposes to render its services on an hourly fee basis according to its standard and customary hourly rates in effect when the services are rendered, which currently are as follows:

| Professional | Standard Rate |
|---|---|
| Managing Partner | $1,500 |
| Senior Managing Director | $1,390 |
| Managing Director | $1,150 - $1,290 |
| Senior Director | $1,120 |
| Director | $940 - $1,060 |
| Vice President | $840 |
| Senior Associate | $725 |
| Associate | $615 |
| Analyst | $500 |

12. M3 and the Committee expressly reserve their rights pursuant to section 1129(a)(9)(A) of the Bankruptcy Code for M3 to receive the full amount of compensation based on the foregoing notwithstanding the terms of any cash collateral order or secured financing order now or hereafter entered in these Cases providing for a limitation on the amount of fees payable to M3 for specified or general purposes.

13. M3 will be reimbursed for its reasonable and necessary out-of-pocket expenses (which shall be charged at cost) incurred in connection with this engagement, such as travel, lodging, duplicating, research, messenger, and telephone charges. M3 will charge for these expenses at rates consistent with charges made to other M3 clients.

14. M3 will maintain detailed records of fees and expenses incurred in connection with the rendering of the financial advisory services described above, in accordance with applicable rules.

15. In light of the foregoing, the Committee believes that M3's fee structure is reasonable, market-based, and designed to fairly compensate M3 for its work in these Cases and to cover fixed and routine overhead expenses.

### Disinterestedness; Lack of Adverse Interest

16. To the best of the Committee's knowledge and based on the Winning Declaration, the Committee submits that M3 is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14). The Committee submits that M3 currently neither holds nor represents any interest adverse to the Debtors' estates or the Committee, except as set forth in the Winning Declaration. Further, except as set forth in the Winning Declaration, M3 has no connection with any Debtor, creditor, other party-in-interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

17. M3 will not, while employed by the Committee, represent any other entity in connection with the Debtors' Cases which has an adverse interest to the Debtors.

18. The Committee has been informed that M3 is conducting an ongoing review of its files to ensure that no disqualifying circumstances arise. To the extent that M3 discovers any connection with any interested party or enters into any new relationship with any interested party, M3 will promptly supplement its disclosure to the Court.

19. The Committee submits that the employment of M3 on the terms and conditions set forth herein is in the best interests of the Debtors, their creditors, the Committee and all parties in interest.

### Indemnification

20. M3 requests that the Debtors indemnify, hold harmless and pay the reasonable out-of-pocket legal or other expenses of M3 or any of its affiliates, partners, officers, directors,

shareholders, agents, employees or controlling persons (collectively, the "Indemnified Persons") under certain circumstances, as described more specifically in Exhibit C hereto (the "Indemnification Provisions").

21. Financial advisors seek indemnification for a variety of reasons. The performance of M3's responsibilities requires the exercise of professional judgment regarding difficult business and financial issues, as to which many persons may have diverse financial interests. M3 intends to rely on the accuracy and completeness of the financial information and other information to be provided by the Debtors. The Committee notes that, in the event an Indemnified Person acts with gross negligence or willful misconduct, the estates will be entitled to recover amounts paid pursuant to the Indemnification Provisions.

22. The Committee and M3 believe that the proposed Indemnification Provisions are customary and reasonable for financial advisory engagements, both out-of-court and in chapter 11 proceedings. Similar indemnification arrangements have been approved and implemented in other large chapter 11 cases, including in this district.

23. The proposed Indemnification Provisions are also consistent with the standards that normally govern trustees and committees in chapter 11 cases. *See Sherr v. Winkler*, 552 F.2d 1367, 1375 (10th Cir. 1977) (holding that a trustee is "(a) not liable, in any manner, for mistake in judgment where discretion is allowed, (b) liable personally only for acts determined to be willful and deliberate in violation of his duties and (c) liable, in his official capacity, for acts of negligence."); *In re Chi. Pac. Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) (bankruptcy trustee can be personally liable only "for a willful and deliberate violation of his fiduciary duties"); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 752–53 (4th Cir. 1993) (collecting cases). Members of creditors' committees are also protected from liability in the absence of gross

negligence. *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000). In fact, the Third Circuit has held that professionals employed by creditors' committees similarly should be protected from liability in the absence of gross negligence. *Id*.

24. For these reasons, indemnification agreements are common market practice, both inside and outside of bankruptcy cases, and it is the standard practice for firms like M3 to obtain indemnities of the kind outlined above.

## Basis for Relief

25. By this Application, the Committee requests that the Court approve the compensation arrangements set forth herein pursuant to Bankruptcy Code sections 328(a), 330, and 1103(a). The compensation arrangements are highly beneficial to the Debtors' estates as they provide the proper inducement for M3 to act expeditiously and prudently with respect to the matters for which it will be employed. The compensation of M3 shall be subject to the standard of review only as set forth in Bankruptcy Code section 328 and not subject to any other standard of review; *provided*, *however*, that the U.S. Trustee shall retain the right to review M3's compensation based on the reasonableness standard provided for in Section 330 of the Bankruptcy Code.

26. The Committee has specifically selected M3 to serve as its financial advisor because of its extensive experience in advising parties in interest in large Chapter 11 cases.

27. Pursuant to Bankruptcy Code section 328(a), the Committee may retain M3 on reasonable terms and conditions. The Committee submits that M3's terms of compensation and expense reimbursement as set forth herein are reasonable.

**Notice**

28. Notice of this Application has been provided to all parties listed on the Debtors' Master Service List. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**No Prior Request**

29. No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 4, 2025

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PARTY CITY HOLDCO INC., *ET AL*.**

By: */s/ Ronald M. Tucker*
**Simon Property Group, Inc.**
**Ronald M. Tucker, VP, Bankruptcy Counsel**
**s**olely in his capacity as Co-Chair of the Official Committee of Unsecured Creditors of Party City Holdco Inc., *et al.*, and not in any other capacity