IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| PARTY CITY HOLDCO INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90621 (ARP)<br><br>(Jointly Administered) |

**SPIRIT REALTY, L.P.'S OBJECTION TO DEBTOR'S TWENTY-FOURTH NOTICE OF REJECTION OF CERTAIN EXECUTOR CONTRACTS AND/OR UNEXPIRED LEASES**

Spirit Realty, L.P. ("Spirit" or "Landlord"), by and through its undersigned attorneys, hereby makes this objection (the "Objection") to the Debtor's Twenty-Fourth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases (the "Rejection Notice"), and states as follows:

**PRELIMINARY STATEMENT**

1. Spirit's objection is borne out in the Debtor's Rejection Notice, by which it appears that the Debtor is attempting to sever the Master Lease Agreement by rejecting only a portion of the properties subject of the Master Lease Agreement (defined below). Spirit strenuously maintains its objection to the Debtor's attempt to pick and choose portions of the Master Lease Agreements to reject.[2]

2. The proposal by the Debtor is not the deal as negotiated and reflected in the Master Lease Agreements, which Landlord and Tenant clearly and concisely intended to be "a single, unseverable, and indivisible lease as to all of the Leased Premises collectively," and not

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Master Lease Agreements or Rejection Notice, as applicable.

"subject to severance or division." See Master Lease Paragraph 18.04. The Debtor is seeking this Court to simply ignore the plain language and unequivocally stated intent of the Master Lease, and rewrite the terms so that the Debtor has the benefits of certain properties under the Master Lease without bearing the burdens of the integrated Master Lease structure. This is precisely what the Debtor cannot do under applicable federal law, prior bankruptcy court rulings, and well established state law.

3. When the Master Lease is viewed as a coherent whole under applicable state law, it is clear that the parties intended the Master Lease to be non-severable. In the present matter, the parties stated this express intent unambiguously in the Master Lease, and the Master Lease is replete with terms supporting this express, stated intent. Most critically, there is a single landlord, single tenant, and single rent payment. All of these terms are consistent with the provision of the Master Lease in which both parties agreed that the Master Lease Agreement is a unitary, non-severable lease.

4. The deal struck under the Master Lease Agreements prior to bankruptcy is the deal the Debtor must live with now. The Master Lease Agreement is a unitary, unexpired lease that the Debtor must either assume or reject *in toto*, and only if the Master Lease Agreement is rejected entirely can the Debtor reject the Master Lease properties, as contemplated by the Rejection Notice.

## THE MASTER LEASE

5. Spirit entered into the Master Lease Agreement effective June 28, 2019 ("Master Lease"), whereby Party City Holdings, Inc. agreed to lease, from Spirit, three (3) commercial properties commonly known as 47 Elizabeth Drive, Chester, New York[3]; 7700 Anagram Drive, Eden Prairie, Minnesota; and 2800 Purple Sage, Los Lunas, New Mexico[4]. A true and correct copy of the Master Lease is attached hereto as **Exhibit A**.

---

[3] 47 Elizabeth Drive is identified in the Rejection Notice as a property to be rejected effective March 31, 2025.

[4] This property was removed from the Master Lease pursuant First Amendment to Master Lease dated May 26, 2023 in conjunction with Debtor's previous Chapter 11 case number 23-90005.

6.      The Master Lease provides,

(a) Landlord and Tenant intend that: (i) this Lease constitutes an un-severable, unitary and single lease of all, but not less than all, of the Properties, and if at any time this Lease covers other real property in addition to the Properties, neither this Lease, nor Tenant's obligations or rights hereunder may be allocated or otherwise divided among such properties by Tenant; (ii) this Lease does not constitute separate leases contained in one document; (iii) the use of the expression "unitary lease" to describe this Lease is not merely for convenient reference, but is the conscious choice of the parties to express the intent of the parties in regard to an integral part of this transaction. To accomplish the creation of a unitary lease, the parties intend that the Rental and all other provisions of this Lease have been negotiated and agreed to based on a demise of all the Properties covered by this Lease as a single, composite, inseparable transaction; . . .

*See* Exhibit "A," p. 46, Section 18.04(a).

7.      The Master Lease is governed by Texas state law.  *See* Exhibit "A," p. 51.

## BACKGROUND

8.      On December 21, 2024 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. On December 21, 2024, the Court entered an order authorizing joint administration and procedural consolidation of these Chapter 11 cases. Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9.      On March 25, 2025, the Debtor filed the Rejection Notice, in which the Debtor seeks to reject some—but not all— of the properties under the Master Lease.

10.     Specifically, the Rejection Notice seeks to reject nonresidential property commonly known as 47 Elizabeth Drive, Chester, New York.

11.     The proposed rejection effective date for the above described property is March 31, 2025. *See* Doc. 1000.

12.     The Rejection Notice does not seek to reject the remaining property included within Master Lease. Moreover, the Debtor has not disclosed its intention as to the remaining property.

**Objection**

I. **The Master Lease Must Be Assumed or Rejected *In Toto***

      13.    The Master Lease is an enforceable, unexpired lease that must be assumed or rejected *in toto*. A debtor cannot assume the benefits and reject the unfavorable aspects of the same contract. *See Stewart Title Guar. Co. v. Old Republic Nat. Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re Buffets Holdings, Inc.*, 387 B.R. 115, 121-23 (Bankr. D. Del. 2008). For purposes of assumption and assignment, courts must determine, under applicable law (here, Texas law), whether a contract or lease is properly construed as a unitary agreement that can only be assumed and assigned as a whole, or whether it may be severed. *See In re Cafeteria Operators, L.P.*, 299 B.R. 384, 389 (Bankr. N.D. Tex. 2003); *Buffets*, 387 B.R. at 120. As the court in *Buffets* made clear, "there is 'no federal policy which requires severance of a lease condition solely because it makes a debtor's reorganization more feasible.' . . . Rather, the determination of whether a specific contract or lease is an indivisible agreement or is several agreements in one, which should properly be severable, depends on the application of state law." *Buffets*, 387 B.R. at 124 (quoting *Bistrain v. E. Hampton Sand & Gravel Co.*, 25 B.R. 193, 199 (Bankr. E.D.N.Y. 1982)).

      14.    Under Texas law, a contract is divisible, or severable, when one party's performance consists of more than one "distinct and separate item[ ] and the price paid by the other party is apportioned to each item." *In re Ferguson,* 183 B.R. 122, 124 (Bankr.N.D.Tex.1995) (quoting *Johnson v. Walker,* 824 S.W.2d 184, 187 (Tex.App.—Fort Worth 1991, no writ)). "Determination of the issue depends primarily on the intention of the parties, the subject matter of the agreement, and the conduct of the parties." *Johnson*, 824 S.W.2d at 187 (citations omitted). The first factor, the parties' intent, is given the greatest weight. *Stewart Title Guar. Co. v. Old Republic Nat'l Title,* 83 F.3d 735, 739 (5th Cir.1996)). "The intention of the parties as determined by the language used in a contract is controlling in determining whether the contract is severable

or is entire and indivisible." *Blackstock v. Gribble*, 312 S.W.2d 289, 292–293 (Tex.Civ.App.—Eastland 1958).

15. Where the parties intend for the contract to be non-severable, a court cannot rewrite the contract in a manner that would undermine the parties' bargain. *See Buffets*, 387 B.R. at 124 ("To allow the Debtors to reject one of the leases without continuing to pay the total rent would be to destroy the essence of [the landlord's] bargain").

16. Accordingly, it is critical to analyze the provisions of the Master Lease and transaction as a whole in order to determine the intent of the parties, and not just to look narrowly at individual provisions. *See*, *e.g.*, *Buffets*, 387 B.R. at 121-22 (holding that master lease was non-severable, notwithstanding express apportionment of consideration, because such evidence was only one factor, and not conclusive for determining the intent of the parties).

### A.     The Parties' Express Statement of Intent Must be Upheld

17. As set forth above, the parties' intent under the Master Lease is expressly stated in the following provisions of the Master Lease to which both Landlord and Tenant (both sophisticated parties represented by experienced counsel) agreed:

> (a) Landlord and Tenant intend that: (i) this Lease constitutes an un-severable, unitary and single lease of all, but not less than all, of the Properties, and if at any time this Lease covers other real property in addition to the Properties, neither this Lease, nor Tenant's obligations or rights hereunder may be allocated or otherwise divided among such properties by Tenant; . . .

Exhibit "A."

18. It is hard to imagine a clearer and unequivocal expression of the parties' intent and their agreement to be bound by that intent. Expressions of intent can be, and have been, taken as sufficient evidence of parties' intent. *See Dickinson*, No. 12-22602, 2012 WL 4867220,

at *3 (Bankr. D. Kan. Oct. 12, 2012) (holding that an expression of intent was "controlling" as to the parties' intent).

19. The substantive terms and structure of the Master Lease reinforces the parties' stated intent to create a single lease. The heart of the bargain struck between the parties was a single lease between a single landlord and a single tenant, and subject to a single monthly rent payment. In exchange for the payment of rent and other amounts due, Tenant was entitled to occupy the properties as a whole. Therefore, the Court should find that, under the terms of the Master Lease, Debtor may not sever the Master Lease and is prohibited from rejecting some—but not all—of the properties under the Master Lease. The Debtor must either reject or assume the Master Lease *in toto*.

### Joinder

20. Spirit hereby joins in the objections filed by the Debtor's other landlords and creditors to the extent that such objections are not inconsistent with the provisions hereof.

WHEREFORE, Spirit respectfully requests that the Bankruptcy Court grant relief consistent with the foregoing Objection and Joinder, including (i) denying rejection of any of the Master Lease properties unless the Debtor seeks to reject the entire Master Lease; and for such other and further relief as may be just and required under all circumstances.

/ / /

/ / /

/ / /

DATED: April 15, 2025

                    By: */s/ Joel F. Newell*
                        Craig Solomon Ganz (TX Bar No. 24127203)
                        Michael S. Myers (AZ Bar No. 029978)
                        Joel F. Newell (TX Bar. No. 24137409)
                        Ballard Spahr LLP
                        1 East Washington Street, Suite 2300
                        Phoenix, AZ 85004
                        602-798-5400- Telephone
                        214-798-5595 - Facsimile
                        ganzc@ballardspahr.com
                        myersm@ballardspahr.com
                        newellj@ballardspahr.com
                        *Attorneys for Spirit Realty, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2025 a true and correct copy of the foregoing *Notice of Entry of Appearance and Request for Notices and Service* was filed and served electronically via the Court's CM/ECF System upon those who are registered to receive electronic notice.

*/s/ Joel F. Newell*
Joel F. Newell