IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>PARTY CITY HOLDCO INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 24-90621 (ARP)<br><br>(Jointly Administered)<br><br>Hearing Date: August 27, 2025 at 9:00 am CT<br>Objection Deadline: August 20, 2025 at 5:00 pm CT<br><br>Re:  Docket No. 1636, 1672, 1685 |

**OBJECTION OF BENDERSON DEVELOPMENT
COMPANY, LLC, BROOKFIELD PROPERTIES RETAIL,
INC., KITE REALTY GROUP, LERNER PROPERTIES,
NEWMARK MERRILL COMPANIES, PACOLET MILLIKEN
ENTERPRISES, INC., PHILIPS INTERNATIONAL HOLDING CORP.,
AND REGENCY CENTERS L.P., TO CONFIRMATION OF THE DEBTORS' PLAN**

Benderson Development Company, LLC, Brookfield Properties Retail, Inc., Kite Realty Group, Lerner Properties, NewMark Merrill Companies, Pacolet Milliken Enterprises, Inc., Philips International Holding Corp., and Regency Centers L.P. (collectively, the "Landlords"), by and through their undersigned counsel, Kelley Drye & Warren LLP, submit this objection (the "Objection") to the *Joint Chapter 11 Plan of Liquidation of Party City Holdco Inc. and its Debtor Affiliates* (and as subsequently amended, the "Plan").[2]  In support of this Objection, Landlord respectfully states as follows:

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659).  The location of Debtors' service address for purposes of these chapter 11 cases is 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Docket No. 1685.  Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan.

**PRELIMINARY STATEMENT**

1. Landlords are not opposed to the Debtors confirming a plan and exiting chapter 11 after what have been long and strenuous cases. The Plan as proposed, however, cannot be confirmed because it proposes paying holders of Administrative Claims less than their full claim amounts on the Effective Date, as required by section 1129(a)(9) of the Bankruptcy Code and, if holders of more than $1 million of Administrative and Priority Claims opt out of such treatment, the Debtors will not have the funds available to pay such claims as required by the Bankruptcy Code.

2. The Plan attempts to circumvent this requirement by requiring holders of Administrative Claims to opt-out of the alternative treatment. But this mechanism is not supported by the Bankruptcy Code or applicable law, which require affirmative creditor consent to alternative treatment of its claim.

3. Accordingly, confirmation of the Plan must be conditioned upon the Debtors satisfying all Administrative Claims on or before the Effective Date, as required under the Bankruptcy Code, unless each affected creditor affirmatively consents to different treatment.

**BACKGROUND**

A. **The Landlords**

4. Landlords are the owners or affiliates of or managing agents for the owners of shopping centers where Debtors lease retail space pursuant to written leases (each. a "Lease," and, collectively, the "Leases").

5. On or prior to July 30, 2025, Landlords filed proofs of claim asserting administrative claims based on unpaid postpetition rent due and owed to Landlords under the Leases pursuant to section 507(a)(2) of the Bankruptcy Code. *See, e.g.*, *In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 819 (3d Cir. 2010) ("[The] [d]ebtors retaining possession of the

2

premises, thereby inducing post-petition services from the [l]andlords, is sufficient . . . to be a transaction justifying administrative priority"); *see also In re Appletree Mkts. Inc.*, 139 B.R. 417, 419 (Bankr. S.D. Tex. 1992) ("It is clear that post-petition rentals for services provided to the [d]ebtor constitute an administrative claim…").

B. **The Plan**

6. On June 19, 2025, Debtors filed their initial proposed plan of reorganization,[3] which was amended on June 26, 2025.[4] On June 30, 2025, the Debtors filed the solicitation version of the Plan. The Plan and the *Debtors' Emergency Motion for Entry of an Order (A) Conditionally Approving the Adequacy of the Disclosure Statement, (B) Approving the Solicitation Procedures and Solicitation Packages, (C) Scheduling a Combined Hearing, (D) Establishing Procedures for Objecting to the Plan and Final Approval of the Disclosure Statement, (E) Approving the Form, Manner, and Sufficiency of Notice of the Combined Hearing, (F) Establishing Procedures Relating to Administrative/Priority Claims and (G) Granting Related Relief* seeking, *inter alia*, approval of the Disclosure Statement on a conditional basis.[5]

7. On June 30, 2025, this Court entered an order approving the Disclosure Statement on a conditional basis and scheduling a hearing on August 27, 2025 to consider final approval of the Disclosure Statement and confirmation of the Plan.[6]

8. The Plan includes a proposed procedure to obtain the "agreement" of administrative/priority claimants, other than holders of Professional Fee Claims, to accept less

---

[3] Docket No. 1636.
[4] Docket No. 1672.
[5] Docket No. 1638.
[6] Docket No. 1687.

than full payment of administrative/priority claims on the Effective Date, as required by section 1129(a)(9) of the Bankruptcy Code. Specifically, the Plan provides, in pertinent part:

> The failure of any Holder of Administrative Claims to object to Administrative/Priority Waterfall Treatment by the objection deadline for Confirmation or otherwise timely return the Administrative/Priority Claim Consent Form and opt out of the Administrative/Priority Waterfall Treatment shall be deemed to be such Holder's consent to receive the Administrative/Priority Waterfall Treatment and accept less than full payment of its Administrative Claim as required by section 1129(a)(9) and as contemplated under sections 1124 and 1123(a)(4) of the Bankruptcy Code, and in full and final satisfaction, compromise, settlement, and release of and in exchange for each Allowed Administrative Claim, each such Holder of an Allowed Administrative Claim shall receive Liquidating Trust Interests entitling such Holder to its Pro Rata share of the Distributable Proceeds pursuant to the Waterfall Recovery.

*See* Plan, at § II.A.

9. As a condition to consummation of the Plan, the Plan also provides that the "aggregate amount of asserted Administrative Claims and Priority Claims… held by Holders who have timely opted out of the Administrative/Priority Claim Consent Form or who have otherwise timely objected to the Administrative/Priority Waterfall Treatment shall be less than $1 million." *See id.* In other words, Priority and Administrative Claims cannot be paid in full under the Plan.

## OBJECTION

10. The Plan cannot be confirmed under section 1129(a)(9) of the Bankruptcy Code unless all Administrative Claims are paid in full or each affected creditor affirmatively consents to different treatment.

11. Section 1129(a)(2) of the Bankruptcy Code provides that the Court shall confirm a plan only if, among other things:

> **[E]xcept to the extent that the holder of a particular claim has agreed to a different treatment of such claim**, the plan provides that (A) with respect to a claim of a kind specified in section 507(a)(2) or 507(a)(3) of

4

this title, on the effective date of the plan, **the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim**….

11 U.S.C. § 1129(a)(9) (emphasis added).

12. Administrative claims are claims under section 507(a)(2), and as such, must be paid in full for the Debtors to confirm the Plan. *See, e.g.*, *In re MacDonald*, 128 B.R. 161, 167 (Bankr. W.D. Tex. 1991) (noting that the statute "express[e]s clear legislative intent that allowed post-petition claims be paid in full as a precondition to confirmation").

13. The Debtors bear the burden to establish that each of the requirements for plan confirmation are satisfied. *See, e.g.*, *In re Star Ambulance Serv., LLC*, 540 B.R. 251 (Bankr. S.D. Tex. 2015); *see also In re Save Our Springs (S.O.S.) All., Inc.*, 388 B.R. 202, 215–16 (Bankr. W.D. Tex. 2008) ("The proponent of a plan bears the burden of proving confirmation") (citing *In re Briscoe Enter., Ltd., II,* 994 F.2d 1160, 1165 (5th Cir. 1993)). This includes the burden to establish that the holders of Administrative Claims have indeed consented to alternative treatment, as required under section 1129(a)(9) of the Bankruptcy Code. *See In re Scott Cable Commc'ns, Inc.*, 227 B.R. 596, 600 (Bankr. D. Conn. 1998) (internal citations omitted) ("The [C]ode's confirmation scheme elevates allowed administrative claims to a dominant priority such that unless the holders agree to a different treatment, a plan cannot be confirmed without full payment of those claims even if there are no estate assets to pay them").

14. Pursuant to the Plan, the Debtors do not attempt to obtain the affirmative consent of holders of Administrative Claims to lesser treatment as required by section 1129(a)(9). Instead, the Plan imposes a burden on these claimants to opt-out of such treatment. The failure to opt-out, however, does not constitute consent under section 1129(a)(9)(A). *See In re Digital Impact, Inc.*, 223 B.R. 1, 7 (Bankr. N.D. Okla. 1998) (noting that "in order to waive the protection of [s]ection 1129(a)(9)(A), a claimant must individually and affirmatively agree to

such treatment"); *see also id.* ("The language of [s]ection 1129(a)(9) specifically requires *each holder* of each 'particular claim' to enter into an agreement with the plan proponent to waive the right to payment of administrative expenses in full.") (emphasis in original); *In re Jankins*, 184 B.R. 488, 492 n.8 (Bankr. E.D. Va. 1995) (providing that the failure of priority claimant to object to treatment less favorable than that required by [s]ection 1129(a)(9) is not consent to such treatment; an affirmative concurrence by the creditor is required).

15. Accordingly, without any evidence that the Debtors have obtained the affirmative consent of each affected claimant to be paid less than the full amount of its claim, the Plan cannot be confirmed. This is particularly true when holders of general unsecured claims are projected to receive a distribution under the Plan, which would violate the absolute priority rule by providing a distribution to a creditor with a claim of lower priority instead of distributing funds to a creditor with a claim of higher priority without their affirmative consent.

### OPT-OUT OF WATERFALL TREATMENT AND THIRD-PARTY RELEASES

16. By this Objection, Landlords also assert that they do not consent to (i) the Administrative/Priority Waterfall Treatment of their Administrative Claims set forth in articles II.A and III.B of the Plan and (ii) the third-party releases referenced in Item 3 of the Class 4 General Unsecured Claims Ballot.

### RESERVATION OF RIGHTS

17. Landlords reserve the right to amend and/or supplement this Objection on any basis.

### JOINDER

18. Landlords hereby join in the objections filed by other landlords and other holders of Administrative and Priority Claims to the extent not inconsistent with the arguments asserted herein.

**CONCLUSION**

**WHEREFORE,** Landlords request that the Court (a) deny confirmation of the Debtors' Plan or (b) condition confirmation of the Plan upon the Debtors paying all Administrative Claims in full on the Effective Date.

Dated: August 20, 2025

**KELLEY DRYE & WARREN LLP**

By: /s/ Robert L. LeHane
Robert L. LeHane (SD Texas Bar No. 557150)
Jennifer D. Raviele (admitted *pro hac vice*)
Steven Yachik (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Telephone: (212) 808-7800
Email: rlehane@kelleydrye.com
      jraviele@kelleydrye.com
      syachik@kelleydrye.com

*Attorneys for Benderson Development Company, LLC, Brookfield Properties Retail, Inc., Kite Realty Group, Lerner Properties, NewMark Merrill Companies, Pacolet Milliken Enterprises, Inc., Philips International Holding Corp., and Regency Centers L.P.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this August 20, 2025, a copy of the foregoing Objection was served via CM/ECF on all parties registered to receive such notice in the above-captioned cases.

                                                                     */s/ Robert L. LeHane*
                                                                     Robert L. LeHane