**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) | |
| | ) | Case No. 24-90621 (ARP) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**LIQUIDATING TRUSTEE'S MOTION FOR**
**ESTIMATION OF TAX LIABILITY UNDER 11 U.S.C. §§ 105 AND 502(c)**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Liquidating Trustee, on behalf of the above-captioned debtors (the "Debtors")[2] in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), files this motion (the "Motion") pursuant to sections 105 and 502(c) of title 11 of the United States Code (the "Bankruptcy Code") requesting that the Court (i) estimate for all purposes, including allowance and distribution, the Claims[3] filed by the United States Department of the Treasury – Internal Revenue Service (the "IRS" or the "Claimant") at $0, or such other amount to be determined at trial, and (ii) grant such

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Plan.

[3] The Claims include Claim Nos. 2241, 2249, 2250, 2254, and 2687.

other relief as the Court deems just and proper. In support of the Motion, the Liquidating Trustee respectfully states as follows:

**Preliminary Statement**

1. This Motion seeks a narrow form of relief: estimation of the Claims under section 502(c) so that the Liquidating Trustee can proceed with allowance, reconciliation, and distribution under the Plan (as defined below) without undue delay.

2. The Liquidating Trustee respectfully requests entry of an order, substantially in the form filed herewith (the "Proposed Order"), estimating each of the Claims (Claim Nos. 2241, 2249, 2250, 2254, and 2687) filed by the IRS at $0, because the Liquidating Trustee has determined that all tax liabilities owed to the IRS have been paid or should be disallowed in full. The most significant portions of the Claims are (i) an estimated priority claim of $9.7 million for 2024 income taxes—a year for which the Liquidating Trustee received a refund from the IRS after the Effective Date in these cases, and (ii) a general unsecured claim of approximately $4.2 million for 2017 income taxes and a priority claim for 2018 income taxes—both of which would be claims, if at all, in the Debtors' prior bankruptcy case filed in 2023.

3. As set forth in the Liquidating Trustee's contemporaneously filed *Liquidating Trustee's Objection to Claim Nos. 2241, 2249, 2250, 2254, and 2687 Filed by the Department of Treasury – Internal Revenue Service* (the "Tax Objection"), after the Effective Date, the Liquidating Trust filed the 2024 corporate return on behalf of the Debtors and received a federal tax refund in the amount of $5,909,238.58. The Liquidating Trustee needs to be able to distribute the proceeds of that tax refund to creditors. The fact that the Debtors received a federal tax refund demonstrates the amounts asserted in the Claims do not reflect the Debtors' actual tax liability for the respective tax years.

4. Counsel for the Liquidating Trustee communicated with the IRS regarding the Claims and the refund that was paid for 2024 and requested that the IRS withdraw its Claims. The IRS, however, has declined to withdraw its Claims.

5. The Claims threaten to halt the Liquidating Trustee's progress in making distributions to creditors. The facts and circumstances provided herein necessitate prompt claim estimation to prevent undue delay in making distributions. For these reasons, the Liquidating Trustee respectfully requests that the Court estimate each of the Claims at $0 for purposes of allowance and distribution pursuant to section 502(c) of the Bankruptcy Code.

## Jurisdiction and Venue

6. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

7. Pursuant to the *Joint Chapter 11 Plan of Liquidation of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (the "Plan"), the Court retained jurisdiction over the allowance and/or determination of claims. *See* Plan, Art. XI.

8. The bases for the relief requested herein are sections 105(a), 502(c), and 505 of the Bankruptcy Code, and Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

### A. The Debtors 2023 Cases and the Claims

9. On January 17, 2023, the Debtors filed their prior chapter 11 petitions, which were jointly administered under Case No. 23-90005 (the "2023 Cases").

10. The Government Bar Date in the 2023 Cases was July 17, 2023.

11. The IRS filed a total of eight proofs of claim in the 2023 Cases. However, pursuant to a Stipulation dated February 1, 2024, only Claim No. 2342 survived (Case No. 23-90005, Docket No. 2123). All other claims filed by the IRS were disallowed and expunged.

12. The sole surviving IRS claim was a contingent administrative claim for a potential claw back of refunds paid for tax years 2018 and 2019 that were subject to audit.

### B. The Debtors 2024 Cases

13. On December 21, 2024 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas, thereby commencing the Chapter 11 Cases.

14. On August 27, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Debtors' Disclosure Statement on a Final Basis and (II) Confirming the Joint Chapter 11 Plan of Liquidation of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1827] (the "Confirmation Order"), confirming the *Joint Chapter 11 Plan of Liquidation of Party City Holdco Inc. and Its Debtor Affiliates* [Docket No. 1672] (the "Plan").[4]

15. On September 22, 2025, the Effective Date of the Plan occurred [Docket No. 1857] and the Liquidating Trust was formed pursuant to the terms and conditions of the Confirmation Order, the Plan, and the Liquidating Trust Agreement.

---

[4] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

**C. <u>The IRS's Claims in the Current Chapter 11 Cases</u>**

16. The IRS filed a total of five Claims in these Chapter 11 Cases: Claim Nos. 2241, 2249, 2250, 2254, and 2687.

(a) Claim No. 2687 (originally filed as Claim No. 2239) was filed against Party City Holdco Inc. for (i) a general unsecured claim for 2017 income taxes in the amount of $4,410,596.47, (ii) a priority claim of approximately $280,000 for 2018 corporate income tax, and (iii) an estimated priority claim in the amount of $9,700,000 for 2024 corporate income tax. The estimated portion of the claim for 2024 income tax notes "Estimated tax liability due to pending examination of Debtor tax return."

(b) Claim No. 2241 asserts unliquidated, estimated claims for excise and income taxes against Amscan, Inc. for the years 2021 through 2024.

(c) Claim No. 2249 was filed against Party City Holdings, Inc. in the total amount of $339,096.30, but only includes support for a priority claim in the amount of $173,704.72 for unliquidated, estimated claims for excise and income taxes for the years 2020 through 2024.

(d) Claim No. 2250 asserts a secured claim against Party City Corporation based on (i) an excise tax for the year 2019, and (ii) a $511.06 FICA claim for the third quarter of 2023.

(e) Claim No. 2254 is entirely duplicative of Claim No. 2241.

17. On October 15, 2025, the Liquidating Trustee submitted the Debtors' 2024 consolidated federal income tax return which showed a return due to the Debtors.

18. On April 6, 2026, the Liquidating Trust received a refund from the IRS in the amount of $5,909,238.58 on account of the 2024 return.

19. The IRS subsequently amended Claim No. 2687 on June 25, 2026 to reflect the following: "*Estimated* tax return due to pending examination of debtor tax return." (emphasis added) (capitalization altered).

20. Ultimately, the Liquidating Trustee is prepared to proceed with the waterfall distribution under the Plan, but, critically, a meaningful portion of the value available for that distribution consists of the $5,909,238.58 federal tax refund that the IRS has already paid to the Debtors, and the estimated/unliquidated IRS Claims would require very significant reserves to the prejudice of legitimate administrative and priority claimants under the waterfall.

21. Further, and despite the Liquidating Trustee's repeated efforts to reach a consensual compromise, the IRS has been slow to progress its audit. For these reasons, the Liquidating Trustee cannot resolve the Claims in any reasonable timeframe given the IRS's pace and the lack of information or explanation provided by the IRS to date. The Liquidating Trustee's ability to make distributions to creditors should not be derailed by the unliquidated Claims.

## Relief Requested

22. The Liquidating Trustee respectfully requests entry of the Order, substantially in the form attached hereto, whereby the Court will estimate each of the Claims at $0 for all purposes, including allowance and distribution, or at such other amount to be determined at trial.

23. The IRS is aware of the Liquidating Trustee's timeline for making distributions to creditors, and thus the urgency of these matters. The Liquidating Trustee has diligently sought to resolve the estimated Claims consensually, but the IRS has failed to progress resolution of the Claims. As a result, the Liquidating Trustee requires judicial assistance to estimate the Claims.

## Basis for Relief

### A. Estimation of the Claims is Necessary to Avoid Undue Delay in Making Distributions in these Chapter 11 Cases

24. Section 502(c) of the Bankruptcy Code provides in relevant part that "there shall be estimated for purpose of allowance under this section . . . any contingent or unliquidated claim, the fixing . . . of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(l).

25. "Claims estimation provides 'a means for a bankruptcy court to achieve . . . [reorganization, and/or] distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine.'" *In re AMR Corp*., 2021 WL 2954824, at *4 (Bankr. S.D.N.Y. July 14, 2021) (quoting *In re Adelphia Bus. Sols., Inc*., 341 B.R. 415, 422 (Bankr. S.D.N.Y. 2003)); *see also In re RNI Wind Down Corp*., 369 B.R. 174, 191 (Bankr. D. Del. 2007) ("The purpose of section 502(c) is to prevent the administration of the debtor's estate from being held hostage by the fixing or liquidation of an unliquidated or contingent claim."); *In re Continental Airlines, Inc*., 981 F.2d 1450, 1461 (5th Cir. 1993) (noting that two purposes of section 502(c)(1) are to "avoid the need to await the resolution of outside lawsuits to determine issues of liability or amount owed by means of anticipating and estimating the likely outcome of these actions" and to "promote a fair distribution to creditors through a realistic assessment of uncertain claims"). "Estimation pursuant to Bankruptcy Code section 502(c) is mandatory where adjudication of [an unliquidated] claim would unduly delay the administration of the bankruptcy case." *In re Club Ventures Inv. LLC*, 2012 WL 6139082, at *4 (Bankr. S.D.N.Y. Dec. 11, 2012); *see also* Collier on Bankruptcy ¶ 502.04 (16th ed. 2024) (collecting cases).

26. Here, estimation of the Claims is warranted. The Claims are unliquidated because the IRS characterizes its largest claim, Claim No. 2687, as reflecting only an "estimated tax liability due to pending examination of Debtor tax return[,]" rather than an actual deficiency determination or assessment. The Debtors' receipt of a $5,909,238.58 federal tax refund for 2024

further undermines the IRS's estimated priority claim for that year. Estimation at this stage therefore serves the core purpose of section 502(c) of the Bankruptcy Code. Through the Court's estimation, the Liquidating Trustee would be able to initiate distributions without awaiting the results of the IRS's open-ended audit process.

**B. <u>The Claims Are Unliquidated</u>**

27. The Bankruptcy Code does not define the term "unliquidated" for the purpose of section 502(c). However, courts have consistently held that "[a] claim is 'liquidated if the amount due can be determined with sufficient precision . . . as where the claim is determinable by reference to an agreement or by simple computation.'" *Bennett* v. *Bon Secours Mercy Health, Inc.*, 2022 WL 2828991, at *3 (E.D. Pa. July 20, 2022) (quoting *In re Corson*, 2004 WL 5865045 at *5 (Bankr. E.D. Pa. June 25, 2004)); *see also In re Mazzeo*, 131 F.3d 295, 304 (2d Cir. 1997) (noting outside of the estimation context that "where the claim is determinable by reference to an agreement or by a simple computation and where the value of a claim is easily ascertainable, the claim is generally viewed as liquidated") (internal quotation marks and citations omitted). Conversely, if the value of the claim "depends instead on 'a future exercise of discretion, not restricted by specific criteria, the claim is unliquidated.'" *Mazzeo*, 131 F.3d at 304 (quoting *United States* v. *Verdunn*, 89 F.3d 799, 802 (11th Cir. 1996)); *see also In re Akorn, Inc.*, 2021 WL 4306222, at *13 (D. Del. Sept. 22, 2021), *aff'd*, 2022 WL 17222417 (3d Cir. Nov. 25, 2022) ("[A]n unliquidated claim is, by definition, '[a] claim in which the amount owed has not been determined.'") (quoting Black's Law Dictionary (11th ed. 2019)).

28. "Where there is sufficient evidence on which to base a reasonable estimate of the claim, the bankruptcy judge should determine the [claim's] value . . . [according to] the legal rules which may govern the ultimate value of the claim." *Bittner*, 691 F.2d at 135; *see also In re Enron*,

2006 WL 544463 at *3–4 (Bankr. S.D.N.Y. Jan. 17, 2006). A bankruptcy court may estimate the value of a claim according to its "ultimate merits" under applicable law. *Bittner*, 691 F.2d at 136. If the court determines that the claimant cannot "establish [its] case by a preponderance of the evidence," then the court can "value[] the claims at zero." *Id.*; *see also In re Tsai*, 2014 WL 1154032, at *3 (Bankr. C.D. Cal. Mar. 19, 2014) ("Where the claimant is unlikely to recover under applicable nonbankruptcy law, the claim may properly be estimated at zero.").

29. All Claims with pre-2023 amounts should be disallowed as barred by the plan confirmed in the 2023 Cases. The only surviving claims in the 2023 Cases was an administrative claim for a potential claw back of a refund that did not happen. All other claims filed by the IRS for prepetition claims in the 2023 Cases were disallowed. Accordingly, the following portions of Claim No. 2687 should be estimated at $0: (i) a general unsecured claim for 2017 income taxes in the amount of $4,410,596.47, (ii) a priority claim of approximately $280,000 for 2018 corporate income tax. Furthermore, Claim Nos. 2241, 2249 and 2250 all assert unliquidated, estimated claims for years prior to 2023, and those portions should be estimated at $0 because they are subject to the bar date and confirmed plan in the 2023 Cases. As noted above, Claim No. 2250 should be estimated at $0 because it is entirely duplicative of Claim No. 2241.

30. The Claims are not a typical bankruptcy tax claims, where the "IRS has conducted examination and asserted a deficiency" on which it bases its claims. *See* 11 Collier on Bankruptcy § TX5.05 (16th ed. 2023). Here, the IRS has not issued a deficiency notice. The remaining portions of the Claims should be estimated at $0 because they do not reflect the Debtors' actual tax liability for the years 2023 and 2024. Claim No. 2687 itself makes clear that it reflects only the "*estimated* tax liability due to pending examination of Debtor tax return." (emphasis added) (capitalization altered). And despite the Debtors' requests, the IRS has not explained how it arrived at an estimate

exceeding $9 million for the alleged priority tax portion of such Claim when the IRS had paid the Liquidating Trust a refund of nearly $6 million, indicating that the amounts asserted in the Claims are not readily subject to computation. *See* Bench Ruling, *In re FTX Trading Ltd. et al.*, No. 22-11068 (JTD) (Bankr. D. Del. Dec. 13, 2023) [D.I. 4704] at 56:4-6 ("[B]ecause it is based only on estimates, [the IRS's claim] is subject to an estimation process under Section 502(c).").

31. Accordingly, "[i]n determining the taxable income of the Debtors, the Court would have to apply various provisions of the Internal Revenue Code" and, far from being a simple "mathematical computation," liquidation would require "the use of judgment, discretion, determination of facts, and construction of the Internal Revenue Code." *In re Elrod*, 178 B.R. 5, 7 n.2 (Bankr. N.D. Okla. 1995) (ordering estimation hearing to determine amount of unliquidated IRS tax claim brought against debtor in connection with seizure proceeding). The Claims are thus unliquidated and, under section 502(c) of the Bankruptcy Code, the Debtors are entitled to an estimation proceeding to compel the IRS to substantiate the Claims.[5]

## C. The Claims Require Estimation to Avoid Undue Delay of These Chapter 11 Cases

32. As discussed above, despite attempts by the Liquidating Trustee to resolve the Claims, the IRS has insisted on pursuing a lengthy audit process. Notably, the IRS has not provided a timeline for completing its audit. Even assuming that the IRS adheres to a self-imposed, non-binding, deadline, years of litigation could follow before the Claims are fully determined. Once

---

[5] Courts have frequently upheld the estimation of unliquidated IRS claims under Section 502(c). *See, e.g., Bench Ruling, In re FTX Trading Ltd. et al.*, No. 22-11068 (JTD) (Bankr. D. Del. Dec. 13, 2023) [D.I. 4704] at 55:18-24 ("A number of courts have held that in situations where the IRS has filed just an estimate of taxes it is subject to a determination through an estimation process."); *In re Sea Launch Co., LLC*, 2011 WL 2270407, at *1 (D. Del. June 8, 2011) (dismissing United States appeal of confirmed plan after estimation hearing regarding IRS claim at which the bankruptcy court "estimated the claim for potential liability for Section 1446 withholding taxes to be no more than $250,000"); *Matter of King*, 102 B.R. 184, 187 (Bankr. D. Neb. 1989), *rev'd on other grounds*, 137 B.R. 43 (D. Neb. 1991) (finding that section 502(c) "requires estimation in certain circumstances; it does not prohibit estimation in circumstances other than those set forth in the section . . . [D]ebtors' objection to the estimation of a claim of the IRS is overruled.").

the audit is complete, the Debtors may decide to challenge an assessment in court. Either side could then appeal any determination of the Debtors' tax liability. *See generally Kroner* v. *Comm'r*, 48 F.4th 1272, 1274–75 (11th Cir. 2022) (describing the tax deficiency assessment process); *Mertens Law of Fed. Income Tax'n* § 49B:53 (explaining that when an audit is complete but before a notice of deficiency can be issued, the IRS "sends the taxpayer a preliminary or 30-day letter" which the taxpayer can appeal).

33. Estimation under the circumstances here would serve "the purposes of Section 502" by "providing 'a means for a bankruptcy court to achieve . . . distributions on claims, without awaiting the results of legal proceedings that could take a very long time to determine.'" *AMR Corp.*, 2021 WL 2954824, at *5 (quoting *Adelphia*, 341 B.R. at 422). Because the Claims purport to include a priority claim over $9 million the estimated/unliquidated Claims would require very significant reserves to the prejudice of legitimate administrative and priority claimants under the waterfall. The level of uncertainty imposed by the Claims imperil the Debtors' ongoing efforts to distribute value to creditors.

34. The Liquidating Trustee's objective has been and remains to maximize the value of the Debtors' estates and distribute that value to creditors. Accordingly, the Claims threaten to substantially delay the Chapter 11 Cases to the detriment of creditors. For these reasons, the Liquidating Trustee respectfully requests that the Claims be estimated at $0. The Court's estimation of the Claims will prevent undue delay in the administration of these Chapter 11 Cases.

**Notice**

35. The Liquidating Trustee will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the Southern District of Texas; (b) the IRS; (c) the United States Department of Justice; and (d) any party that has requested

notice pursuant to Bankruptcy Rule 2002. The Liquidating Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, for the reasons set forth herein, the Liquidating Trustee respectfully requests that the Court (i) enter the Order substantially in the form attached hereto and (b) grant such other and further relief as is just and proper.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Aaron J. Power*

**PORTER HEDGES LLP**
John F. Higgins (TX Bar No. 09597500)
Aaron J. Power (TX Bar No. 24058058)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: jhiggins@porterhedges.com
apower@porterhedges.com
myoung-john@porterhedges.com

***Counsel to Elizabeth LaPuma, as the Liquidating Trustee of Party City Holdco Inc. and Its Debtor Affiliates***

## CERTIFICATE OF SERVICE

I certify that on September 9, 2026, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Aaron J. Power*
Aaron J. Power