**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| PARTY CITY HOLDCO INC., *et al.*,[1] | ) | |
| | ) | Case No. 24-90621 (ARP) |
| Debtors. | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF THE LIQUIDATING TRUSTEE'S TWENTY-THIRD OMNIBUS CLAIMS OBJECTION (CLAIMS WITH INSUFFICIENT SUPPORT)**

**This is an objection to your claim. The objecting party is asking the court to disallow and expunge the claim that you filed in this bankruptcy case. You should immediately contact the objecting party to resolve the dispute. If you do not reach an agreement, you must file a response to this objection and send a copy of your response to the objecting party within thirty (30) days after the objection was served on you. Your response must state why the objection is not valid. If you do not file a response within thirty (30) days after the objection was served on you, your claim may be disallowed without a hearing.**

**PLEASE TAKE NOTICE** that the Liquidating Trustee, on behalf of the Debtors, is objecting to your Claim(s)[2] pursuant to the attached objection (the "Objection").

**Important Information Regarding the Objection**

Grounds for the Objection. By the Objection, the Liquidating Trustee is seeking to disallow your Claim(s) listed in the schedule attached hereto on the grounds that your Claim(s) was filed with insufficient support and information, as described more fully in the Objection.

Objection Procedures. On May 5, 2026, the United States Bankruptcy Court for the Southern District of Texas (the "Court") entered an order [Docket No. 2027] approving procedures for filing and resolving objections to Claims asserted against the Debtors in these Chapter 11 Cases (the "Objection Procedures"). A copy of the Objection Procedures is included with this notice. **Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Party City Holdco Inc. (9758); Amscan Inc. (1359); Am-Source, LLC (8427); Party City Corporation (3692); Party City Holdings Inc. (3029); PC Intermediate Holdings, Inc. (1229); and Trisar, Inc. (0659). The location of the Debtors' service address for purposes of these chapter 11 cases is: 100 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection Procedures (as defined herein).

## Resolving the Objection

Parties Required to File a Response. If you disagree with the Objection filed with respect to your Claim, you must file a response (each, a "Response") with the Court in accordance with the procedures described below and appear at the Hearing (as defined herein).

Response Contents. Each Response must contain the following (at a minimum):

a. a caption stating the name of the Court, the names of the Debtors, the case number, and the Omnibus Objection to which the Response is directed, and, if applicable, the Proof of Claim number(s) related thereto from the Claims Register;

b. a concise statement setting forth the reasons why the Court should not grant the objection with respect to such Claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c. a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the claimant will rely in opposing the objection; *provided* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; *provided, further*, that the claimant shall disclose to counsel for the Liquidating Trustee, as applicable, all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints; and

d. the following contact information for the responding party:

(i) the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Liquidating Trustee, as applicable, should serve a reply to the Response, if any; or

(ii) the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

Notice and Service. Your Response must be filed with the Court and served electronically using the Court's electronic filing system no later than October 22, 2026, (the "Response Deadline").

Failure to Respond. A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing. **Absent an agreement with the Liquidating Trustee, as applicable, resolving the Objection to a Claim,**

**failure to timely file and serve a Response as set forth herein and appear at the Hearing may result in the Court granting the Objection without further notice or hearing.** Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Discovery Related to the Objection

Discovery. If the Liquidating Trustee, as applicable, determines that discovery is necessary in advance of a hearing on an Objection, the Liquidating Trustee, as applicable, will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation. Any such notice may be incorporated into the initial agenda for the hearing or may be provided by separate notice.

## Additional Information

Additional Information. Copies of the Objection Procedures, the Motion, the Order, or any other pleadings (the "Pleadings") filed in these Chapter 11 Cases are available at no cost at the Debtors' claims and noticing agent's website: https://cases.ra.kroll.com/PCHI2024/. You may also obtain copies of any of the Pleadings filed in these Chapter 11 Cases for a fee at the Court's website at http://www.txs.uscourts.gov/bankruptcy. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.

Reservation of Rights. NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS INTENDED OR SHALL BE DEEMED TO CONSTITUTE (A) AN ADMISSION AS TO THE VALIDITY OF ANY PREPETITION CLAIM AGAINST A DEBTOR ENTITY, AS APPLICABLE; (B) A WAIVER OF ANY RIGHT OF ANY DEBTOR, AS APPLICABLE, TO DISPUTE ANY PREPETITION CLAIM ON ANY GROUNDS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE; (C) A PROMISE OR REQUIREMENT TO PAY ANY PREPETITION CLAIM; (D) AN IMPLICATION OR ADMISSION THAT ANY PARTICULAR CLAIM IS OF A TYPE SPECIFIED OR DEFINED IN THIS MOTION OR ANY ORDER GRANTING THE RELIEF REQUESTED BY THIS MOTION; (E) A REQUEST OR AUTHORIZATION TO ASSUME ANY PREPETITION AGREEMENT, CONTRACT, OR LEASE PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE; OR (F) A WAIVER OF ANY RIGHT OF ANY DEBTOR, AS APPLICABLE, UNDER THE BANKRUPTCY CODE OR ANY OTHER APPLICABLE LAW.

**Dated: September 22, 2026**

**PORTER HEDGES LLP**

By: */s/ Aaron J. Power*
John F. Higgins (TX Bar No. 09597500)
Aaron J. Power (TX Bar No. 24058058)
Megan Young-John (TX Bar No. 24088700)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
Email: jhiggins@porterhedges.com
apower@porterhedges.com
myoung-john@porterhedges.com

***Counsel to Elizabeth LaPuma, as the Liquidating Trustee of Party City Holdco Inc. and Its Debtor Affiliates***